IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANH Q. TRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 03-5616 |
| | § | |
| JOHN E. POTTER, Postmaster General, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Tanh Q. Tran sues his employer, Postmaster General John E. Potter, alleging discrimination based on race, age, and disability under 42 U.S.C. § 1983, the Rehabilitation Act, the Americans with Disabilities Act, the Age Discrimination Employment Act, and Title VII of the Civil Rights Act.  (Docket Entry No. 1).  Potter has moved for summary judgment on all claims.  (Docket Entry No. 22).  Tran has responded, (Docket Entry No. 27), and Potter has replied (Docket Entry No. 30).  This court grants Potter's motion, for the reasons stated below.

**I.    Background**

Tran, a 50 year-old Asian man, is a letter carrier with the United States Postal Service.  (Docket Entry No. 1 ¶ 3).  Since 2000, Tran has had kidney problems and regularly undergoes dialysis treatment for this condition.  (*Id.* at ¶ 10).  This lawsuit relates to two incidents that occurred after Tran's diagnosis.

On March 22, 2001, Postmaster Isabel Sanders instructed Sandra Neely, a supervisor, to send Tran and two other employees home early because there was no work available for them. (Docket Entry No. 24, ¶ 5). On April 16, 2001, Tran filed an informal complaint of discrimination stemming from this event. (Docket Entry No. 24, Ex. A). On August 20, 2001, Tran received his notice of right to file a formal complaint with the EEOC. (Docket Entry No. 24, Ex. B). Tran failed to file such a complaint. (Docket Entry No. 24 ¶ 7).

On August 22, 2001, Tran requested "auxiliary assistance" to permit him to finish his route. (Docket Entry No. 1 ¶ 15). The postal service defines "auxiliary assistance" as providing additional time at overtime pay or the assistance of another employee to help complete a route. (Docket Entry No. 24 ¶ 9). Tran asked for ninety minutes of overtime. (Docket Entry No. 1 ¶ 15). His supervisor, Mary Melchor, granted Tran only thirty-nine minutes of overtime. (Docket Entry No. 1 ¶ 17). When Tran asked Melchor why she refused to grant him the full ninety minutes, she responded that Tran's mail volume did not justify ninety minutes of overtime. (*Id.*; Docket Entry No. 24 ¶ 16). Tran filed a complaint about this incident and eventually pursued it as a discrimination claim. After exhausting administrative remedies as to this incident, Tran filed this lawsuit.

## II.    The Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate

the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir. 1997).  If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000).  The nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Webb v. Cardiothoracic Surgery Assocs.*, 139 F.3d 532, 536 (5th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986).

In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); *Anderson*, 477 U.S. at 255.  "Rule 56

'*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322).

Under Title VII, it is unlawful for any employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA prohibits discrimination on the basis of age. 29 U.S.C. § 621 (2004) *et. seq*. The Rehabilitation Act prohibits discrimination against otherwise qualified individuals with handicaps in programs that receive federal assistance. *See* 29 U.S.C. § 794(a).

"A plaintiff who can offer sufficient direct evidence of intentional discrimination should prevail, just as in any other civil case where a plaintiff meets his burden." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40 (5th Cir. 1996). "However, because direct evidence of discrimination is rare, the Supreme Court has devised an evidentiary procedure that allocates the burden of production and establishes an orderly presentation of proof in discrimination cases." *Id.*; *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). In evaluating claims relying on circumstantial evidence under all three laws, courts use the *McDonnell-Douglas* burden-shifting mechanism. *See Urbano v. Continental Airlines, Inc.*,

138 F.3d 204, 206 (5th Cir. 1998) (Title VII); *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 301 (5th Cir. 2000) (ADEA); *Handy v. Brownlee*, 118 Fed. Appx. 850, 854 n.3 (5th Cir. 2004) (Rehabilitation Act).

To overcome a motion for summary judgment on a Title VII discrimination claim, a plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–03 (1973); *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000); *Hall v. Gillman Inc.*, 81 F.3d 35, 37 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996); *Bodenheimer,* 5 F.3d at 957 n.4. Under Title VII, a plaintiff establishes a *prima facie* case of discrimination by proving that: (1) he is a member of a protected class; (2) was qualified for his position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class or received disparate treatment. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002); *Ward v. Bechtel Corp.*, 102 F. 3d 199, 202 (5th Cir. 1997). The elements of a *prima facie* age discrimination case are that the plaintiff: (1) belonged to the protected class; (2) held the qualifications for the position sought; (3) suffered an adverse employment action; and (4) was either (a) replaced by another person outside of the protected class, (b) replaced by someone significantly younger, or (c) otherwise discriminated against because of her age. *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462 (5th Cir. 2005) (footnotes and citations omitted). The *prima facie* case of discrimination under the Rehabilitation Act, which is "operationally identical" to the test under the ADA, requires a plaintiff to allege: (1) the existence of a

program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has been excluded from participation in, been denied benefits from, or otherwise has been subject to discrimination under such program or activity. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004). The Rehabilitation Act defines "individual with disability" to mean "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(8)(B); *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 364 n.41 (5th Cir. 1995).

In determining whether the nonmovant has created a genuine issue of material fact, the court looks to rebuttal evidence of pretext "in tandem with evidence presented as part of the *prima facie* case." *Haas v. ADVO Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999). The Supreme Court has held that a "plaintiff's *prima facie* case, combined with sufficient direct evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148. The trier of fact may "infer the ultimate fact of discrimination from the falsity of the employer's explanation." *Id.* at 147; *see also Vade v. Miss. State Univ.*, 218 F.3d 365, 374 n.23 (5th Cir. 2000) (discussing application of *Reeves*). "[S]uch a showing by the plaintiff will [not] always be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a *prima facie* case and set forth sufficient

evidence to reject the defendant's explanation, no rational factfinder would conclude that the action was discriminatory." *Reeves*, 530 U.S. at 148. At all times, the plaintiff retains the ultimate burden of persuasion. *See Burdine*, 450 U.S. at 253.

As a precondition to filing suit in federal court, Title VII requires a federal employee claiming discrimination to exhaust his or her administrative remedies. 42 U.S.C. § 2000e *et seq.*; *Randel v. U.S. Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). If the plaintiff fails to exhaust his administrative remedies, the district court lacks jurisdiction to entertain the lawsuit. *Id.*

### III.    Analysis

#### A.    The Section 1983 Claim

Section 1983 has no application to the federal government or its officers. *See Wheedlin v. Wheeler*, 373 U.S. 647, 650 & n.2 (1963). As Postmaster General of the United States Postal Service, Potter is a federal officer. Tran cannot sue Potter under section 1983. Summary judgment for Potter is appropriate on the section 1983 claim.

#### B.    The ADA Claim

Discrimination claims based on race, sex, national origin, age, or disability against the federal government must be asserted through Title VII, the ADEA, or the Rehabilitation Act, not the ADA. *See Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (holding that the United States Postal Service cannot be sued under the ADA); *see also Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834–35 (1976) (holding that Title VII provides the exclusive remedy for a federal employment discrimination suit). Because Tran's suit is against the federal

government, he has no recourse through the ADA. Summary judgment for Potter on the ADA claim is appropriate.

### C. The Title VII Claim

#### 1. The March 2001 Incident

Tran failed to exhaust available administrative remedies following his initial complaints about the incident that occurred in March 2001. (Docket Entry No. 24, Ex. B). This court lacks jurisdiction over this claim. *Cf. Randel*, 157 F.3d at 395. Potter's motion for summary judgment on this claim is granted.

#### 2. The August 2001 Incident

Potter argues that Tran is unable to establish a *prima facie* case of discrimination because the summary judgment record contains no evidence that Tran suffered an adverse employment action. This court agrees.

Under Title VII, only ultimate employment decisions constitute "adverse employment action." *Brazoria County, Tex. v. E.E.O.C.*, 391 F.3d 685, 693 (5th Cir. 2004). Tran asked for ninety minutes of overtime, but received only thirty-nine minutes. (Docket Entry No. 24, ¶¶ 15–17). He alleges no other consequence or effect. Because Tran suffered no adverse employment action, he has failed to raise a fact issue as to an element of a *prima facie* case of discrimination.

Even assuming that Tran met all other requirements for a *prima facie* case of discrimination, he has failed to create a triable issue of fact material to whether he suffered an adverse employment action. Potter's motion for summary judgment on the Title VII claim

is granted.

### D. The ADEA Claim

Potter raises identical arguments as to Tran's ADEA claim. Potter contends that Tran has failed to introduce evidence that he suffered an adverse employment decision. *Cf. Evans v. Houston*, 246 F.3d 344, 350 (5th Cir. 2001). Potter prevails for the same reason he prevailed on the Title VII claim.

Potter's motion for summary judgment on the ADEA claim is granted.

### E. The Rehabilitation Act Claim

Potter argues that Tran has failed to introduce evidence that he was substantially limited in one or more major life activities when he made the request for auxiliary assistance. Potter prevails on this claim.

Tran has not introduced evidence to show that his kidney ailment substantially limited him in one or more major life activities, necessary to make a *prima facie* showing of discrimination under the Rehabilitation Act. *Cf.* 45 C.F.R. § 84.3(j)(2)(ii). Instead, Tran makes passing references to his kidney problems and need for occasional therapy. Tran has failed to make a *prima facie* showing of discrimination under the Rehabilitation Act, making summary judgment appropriate.[1]

---

[1]

In response to Potter's motion for summary judgment, Tran submitted two affidavits from coworkers. (Docket Entry No. 27). Neither affidavit creates a triable issue of fact material to Tran's claims. The first affidavit claims that Tran received disparate treatment when he requested auxiliary assistance, but is devoid of any specifics to support the claim. (*Id.*, Ex. C). The second affidavit makes much broader allegations of discrimination, but similarly lacks specifics. (*Id.*, Ex. D). Neither affidavit precludes summary judgment in Potter's favor.

## IV. Conclusion

Potter's motion for summary judgment is granted and the case is dismissed with prejudice. Final judgment will be entered by separate order.

SIGNED on November 8, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge